UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62406-CIV-MARRA

In re:

KEVIN C. GLEASON,

Appellant.
_____/

## OPINION AND ORDER

This cause is before the Court on the appeal by Appellant Kevin C. Gleason ("Appellant" "Gleason") of the September 20, 2011 Order Sanctioning Attorney Kevin C. Gleason, entered by an en banc panel of the Bankruptcy Court. The Court has carefully considered the appeal, the briefs of Mr. Gleason,[1] the entire record on appeal, and is otherwise fully advised in the premises.

I.  Background

On March 31, 2011, Bankruptcy Judge John K. Olson issued an order in bankruptcy case number 06-13274-BKC-JKO, In re New River Dry Dock, Inc., denying a motion for monetary sanctions against Mr. Gleason for the filing of a claim of exemption because the 21-day safe harbor period of Rule 9011 of the Federal Rules of Bankruptcy Procedure had not run before the motion for sanctions was filed. In that same order, Judge Olson also directed Mr. Gleason to show cause why his conduct in filing the claim should not be sanctioned by the imposition of non-monetary sanctions. In re New River Dry Dock, Inc., — B.R. —, 2011 WL 1355300, at * 4 (Bankr. S.D. Fla. Mar. 31, 2011).

In filing his response to the Order to Show Cause, Mr. Gleason wrote, in pertinent part,

---

[1] The bankruptcy judges were informed of the pendency of this appeal and of their ability to make an appearance. (DE 10.)  No appearance was entered.

the following:

> In your fourth published example of 'Ready-Fire-Aim' against this attorney, it is obvious that you have not reviewed the record in this case which does not support the purported findings of fact. It is further quite obvious that you do not believe that the same respect mandated to be shown to you should also be shown to me . . . . Your conduct in this case was [sic] been without citation to any authority for the propositions that: your jurisdiction is never ending and without geographic bounds; your unconditional releases are meaningless; and pronouncements of the United States Supreme Court are mere suggestions.
>
> . . . .
>
> In the Order to Show Cause [ECF 588] (hereinafter OSC) at pages 1 and 3, you 'found' that 'Denison had already admitted he owed those commissions to the Plan Administrator under the Debtor's confirmed Chapter 11 Plan.' Wrong.
>
> . . . .
>
> In the OSC, at page 2, you found that 'On December 6, 2010, Gleason and MMS entered into an agreed order to strike the Claim.' Where you draw this conclusion can only be from the ether.
>
> . . . .
>
> I have ordered the transcript to demonstrate that you have 'misremembered' the hearing.
>
> . . .
>
> [T]he claim was not frivolous. What is frivolous is your grabbing of funds without any statutory grounds for so doing, and calling a garnishment by another name.
>
> . . . .
>
> Wrong. The statute, which I followed and you ignored, requires service upon the party seeking to enforce a judgment, and permits that party 2 days to respond.
>
> . . . .
>
> On page 9 of the OSC, you again blundered regarding the nature of the order you entered after a full hearing, and without my continuously-attributed agreement.
>
> . . . .

> It is sad when a man of your intellectual ability cannot get it right when your own record does not support your half-baked findings.

(April 18, 2011 Response to Order to Show Cause.)

Subsequently, on April 29, 2011, Mr. Gleason sent a bottle of wine to Judge Olson's chambers with the following note attached: "Dear Judge Olson, A Donnybrook ends when someone buys the first drink. May we resolve our issues privately?" (May 13, 2011 Supplemental Response.)

On August 18, 2011, the United States Bankruptcy Court for the Southern District of Florida convened an en banc panel to consider whether Mr. Gleason should be sanctioned for the tone and content of his April 18, 2011 response and May 13, 2011 supplemental response. In so doing, the panel considered a second supplemental response filed by Mr. Gleason, the testimony of Mr. Gleason and the arguments of his counsel.[2]  The panel found that Mr. Gleason's responses and actions constituted professional misconduct warranting the imposition of sanctions. Specifically, the panel suspended Mr. Gleason from practice before the United States Bankruptcy Court for the Southern District of Florida for a period of 60 days and referred Mr. Gleason to the Florida Bar for the imposition of any additional sanctions that the Florida Bar may find appropriate.

In so ruling, the panel observed that it has the authority to regulate the conduct of

---

[2] Chief Judge Paul G. Hyman conducted the hearing.  He informed Mr. Gleason, who was represented by counsel, that the Bankruptcy Court may impose sanctions pursuant to its inherent power, 11 U.S.C. § 105(a) and Local Rule 2090-2 of the Local Rules of the Bankruptcy Court of the Southern District of Florida and also highlighted the factors that would be considered.  (Tr. 7-8, DE 3.)  When Mr. Gleason's counsel inquired which Florida Bar rules would apply in light of the issuance of new rules, Chief Judge Hyman told him that "his guess" would be that the rules in effect at the time Mr. Gleason filed his Responses would be applied. (Tr. 9.) At the hearing, Chief Judge Hyman read the excerpts of the Responses at issue. (Tr. 4-7.)

attorneys appearing before the Bankruptcy Court and that Mr. Gleason was afforded due process. Additionally, the panel found that Mr. Gleason's responses and conduct constituted professional misconduct.  The panel held that Mr. Gleason violated his duty as a member of the bar and thereby damaged the reputation of the Court, the judicial system, the legal process and the legal profession.  Further, the panel found that Mr. Gleason acted intentionally and lacked remorse. While the panel acknowledged that Mr. Gleason had no prior disciplinary record or dishonest motive in filing the responses, the panel also noted that Mr. Gleason had substantial experience in the practice of law. Lastly, the panel concluded that the responses, which were knowingly and intentionally planned, written and filed, were evidence of bad faith.

Mr. Gleason appeals the panel's September 20, 2011 order on the following grounds: (1) the Bankruptcy Court failed to give sufficient notice of alleged violations; (2) an attorney's First Amendment rights supercede rules regulating attorney conduct; (3) the Bankruptcy Court cannot suspend an attorney admitted by the District Court; (4) the Bankruptcy Court cannot conduct an en banc hearing; (5) *ex parte* contacts exclude contacts wherein no substantive information is conveyed and (6) the Bankruptcy Court abused its discretion.

II. Legal Standard

"Federal courts, including bankruptcy courts, have the inherent power to impose sanctions on parties and lawyers." In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008); see also In re Mroz, 65 F.3d 1567, 1574 (11th Cir. 1995); In re Evergreen Security, Ltd., 570 F.3d 1257, 1263 (11th Cir. 2009).  "This power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Evergreen, 570 F.3d at 1263 (quoting In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir.2006)).

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1320 (11th Cir. 2002) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).  This power includes the power of a federal court to "control admission to its bar and to discipline attorneys." Id.  "This 'inherent power' to sanction errant lawyers, in fact, 'can be invoked even if procedural rules exist which sanction the same conduct.'" Id.  Bankruptcy courts also have authority under section 11 U.S.C. § 105(a) to suspend or disbar attorneys. In re Brooks-Hamilton, 400 B.R. 238, 246 (9th Cir. B.A.P. 2009); see also Local Rules of the Southern District Florida Bankruptcy Court 1001-1(D); 2090-1; 2090-2.

In reviewing an order sanctioning an attorney, the district court uses an abuse of discretion standard. Thomas, 293 F.3d at 1321; Munnings v. Fedex Ground Package Systems, Inc., No. 6:07-cv-282-Orl-19KRS, 2008 WL 1849003, at *4 (M.D. Fla. Apr. 22, 2008).

III. Discussion

Based on the Court's review of the record, the Court concludes that the Bankruptcy Court did not abuse its discretion in sanctioning Mr. Gleason pursuant to its inherent power.  The April 18, 2011 Response to Order to Show Cause and May 13, 2011 Supplemental Response demonstrate bad faith on the part of Mr. Gleason, violated his duty as a member of the bar and damaged the reputation of the Court, the judicial system, the legal process and the legal profession.  As the citations to the April 18, 2011 Response to the Order Show Cause shows, the tone and content of the Responses were unprofessional, rude, insulting and disrespectful. Furthermore, delivering a bottle a wine to Judge Olson's chambers with a note suggesting that they resolve their issues privately is equally troubling.  It not only constituted an *ex parte*

communication, but the act attempted to influence a judge.  This type of communication involved the type of impropriety, or the appearance of impropriety, that judges must avoid.  Based on this record, the Bankruptcy Court did not err in finding that Mr. Gleason acted in bad faith.

Moreover, in reaching this conclusion, the Court rejects Mr. Gleason's attempt to justify his conduct by asserting that he and Judge Olson have a "negative history" and Judge Olson has issued numerous unjustified orders to show cause against him. (Initial Br. at 8-19; Reply Br. at 5, 10.)  Even assuming the Orders were "unjustified," Mr. Gleason, as a seasoned attorney, should have known he had various options at his disposal.  He could have sought reconsideration or filed an appeal.   If Mr. Gleason thought Judge Olson was treating him unfairly, he could have moved to recuse him or filed a judicial misconduct complaint with the Eleventh Circuit.[3] Instead, Mr. Gleason decided to "file first and think later." In re TCI Ltd., 769 F.2d 441, 442 (7th Cir.1985),

Likewise, the Court dismisses Mr. Gleason's claim that the Bankruptcy Court failed to give him sufficient notice of the violations lodged against him.  As evidenced by the hearing transcript, Chief Judge Paul G. Hyman began the hearing by reading excerpts of the Responses at issue. (Tr. 4-7, DE 3.)  He then noted that the Bankruptcy Court may impose sanctions pursuant to its inherent power, 11 U.S.C. § 105(a) and Local Rule 2090-2 of the Local Rules of the Bankruptcy Court for the Southern District of Florida and informed Mr. Gleason of the factors that would be considered. (Tr. 7-8.)  Mr. Gleason, who was represented by counsel, inquired which Florida Bar rules would apply in light of the issuance of new rules and was told the rules

---

[3] Indeed, for these reasons, the Court dismisses Mr. Gleason's argument that his Responses were justified because it was "truthful" and responsive to Judge Olson's unfair treatment of him. (Initial Br. at 24-27.)

in effect at the time Mr. Gleason filed his responses would apply. (Tr. 9.)  Accordingly, based on this record, the Court finds that the Bankruptcy Court adequately informed Mr. Gleason of the violations he faced.

Nor is the Court persuaded by Mr. Gleason's claim that his "First Amendment rights supercede rules regulating attorney conduct." (Initial Br. at 23.)  In support, Mr. Gleason relies upon Weaver v. Bonner, 309 F.3d 1312 (11th Cir. 2002) and Mason v. Florida Bar, 208 F.3d 952 (11th Cir. 2000).  Both cases are inapposite.  Weaver held unconstitutional Georgia's version of judicial ethics which restricted a judge's involvement in endorsements and contributions. Weaver, 309 F.3d at 1319-20. Mason held unconstitutional an application of a state bar rule that prohibited advertisements that contained "statements describing or characterizing the quality of the lawyer's services."  Mason, 208 F.3d at 956.  In short, Mr. Gleaon cannot seek protection under the First Amendment to shield himself from the imposition of sanctions for his deplorable and unprofessional conduct. See Thomas, 293 F.3d at 1318 (affirming the district court's sanctioning of attorney, despite attorney's contention that the sanction violated the client's First Amendment rights); Rhodes v. MacDonald, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009) ("counsel's wild accusations may be protected by the First Amendment when she makes them on her blog or in her press conferences, but the federal courts are reserved for hearing genuine legal disputes, not as a platform for political rhetoric and personal insults"); cf. In re Mann, 229 F.3d 657, 659 (7th Cir.2000) ( "Litigants are understandably disappointed when they do not prevail in court, but that does not give them the license to attack the integrity of the judiciary.").

Equally unpersuasive is Mr. Gleason's contention that because there is no "bankruptcy bar" to which he was admitted, he cannot be suspended by the Bankruptcy Court.  (Initial Br. at

28.) Indeed, the Local Rules of the Bankruptcy Court state that the Bankruptcy Court may impose sanctions for the failure to comply with the Local Rules, which include meeting the qualifications to practice and the various rules for professional conduct and courtroom decorum. Rules 1001-1(D); 2090-1; 2090-2.[4]

Lastly, the Court rejects Mr. Gleason's assertion that the Rule 9003 of the Federal Rules of Bankruptcy Procedure[5] prohibiting ex parte contacts does not apply to this circumstance because the matter before Judge Olson was not a "case or proceeding." (Initial Br. at 30.) The Court disagrees. Rule 9003 is "designed to prevent abdication of the judge's decision-making role," thereby including "matters which are not yet settled or adjudicated by the judge." Bilzerian v. Shinwa Co. Ltd., 184 B.R. 389, 394 (M.D. Fla. 1995). Here, the matter was still pending before Judge Olson. Indeed, the note and bottle of wine were sent to his chambers *prior* to Mr. Gleason filing his May 13, 2011 Supplemental Response. (May 13, 2011 Supplemental Response.)

---

[4] Based on these local rules, the Court also rejects Mr. Gleason's argument that the Bankruptcy Court is not authorized to conduct an en banc hearing. Local Rule 2090-2(B)(1) states that "Upon order to show cause entered by *at least one judge*, any attorney appearing before the court may, after 30 days' notice and hearing and for good cause shown, be suspended from practice before the court, reprimanded or otherwise disciplined, by a judge whose order to show cause initiated the disciplinary proceedings." Indeed, other bankruptcy courts, in sanctioning attorneys, have used the en banc procedure. See, e.g., In re Fingal-Griffin, No. 4:08-CV-61 (CEJ), 2008 WL 4104539, at * 1 (E.D. Mo. Aug. 29, 2008); In re Chandlier, 292 B.R. 583, 585 (Bankr. W.D. Mich. 2003); In re Desilets, 268 B.R. 516, 518 (Bankr. W.D. Mich. 2001); In re Ludwick, 185 B.R. 238, 242 (Bankr. W.D. Mich. 1995).

[5] "Except as otherwise permitted by applicable law, any examiner, any party in interest, and any attorney, accountant, or employee of a party in interest shall refrain from ex parte meetings and communications with the court concerning matters affecting a particular case or proceeding." Fed. R. Bankr. P. 9003(a).

For the foregoing reasons, the Court finds that the Bankruptcy Court did not abuse its discretion in sanctioning Mr. Gleason.

IV.  Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the decision of the en banc panel Order Sanctioning Attorney Kevin C. Gleason, entered on September 20, 2011, is **AFFIRMED**.  This case is **CLOSED**, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of February, 2012.

_____
KENNETH A. MARRA
United States District Judge